-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY COX, 11-R-0922,

       Plaintiff,

   -v-                                 13-CV-743M
                                              **ORDER**

BRIAN FISCHER, D.O.C.C.S. Commissioner,
SUPERINTENDENT AMOIA,
SHAWN CRONIN, Deputy Superintendent,
MARRA, ASAT Coordinator,
ORC/PA BERTRAM,
SGT. BURNS,

       Defendants.

---



## INTRODUCTION

Plaintiff Gary Cox, an inmate at the Groveland Correctional Facility ("Groveland), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* and filed a signed Authorization. (Docket Nos. 2, 5). Plaintiff, an apparently recovered alcohol or drug addict, who asserts that he has been "clean and sober" for 24 years, alleges that the defendants excluded or sanctioned his exclusion from continued participation in the Alcoholics Anonymous/Narcotics Anonymous ("AA/NA") program administered by the Groveland's Alcohol and Substance Abuse Treatment Program ("ASAT Program"), and that this exclusion violated his constitutional rights to freedom, freedom of speech, due process and equal protection. For the reasons explained below, plaintiff's claims

against D.O.C.C.S. Commissioner Fischer and Superintendent Amoia will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and the claims against the remaining defendants will be allowed to proceed, except with respect the claims based upon 18 U.S.C. § 241, which will be dismissed.

## STANDARD OF REVIEW

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See* Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

2

As noted, plaintiff brings his claims under 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).

## DISCUSSION

### Claims against Commissioner Fischer and Superintendent Amoia

Plaintiff's claim against defendant D.O.C.C.S. Commissioner Brian Fischer is based upon the allegation that Fischer "was negligent in providing the proper training and supervision" to the other defendants, thereby allowing them to violate his right to freely exercise his religious beliefs which, according to plaintiff, includes continuing to attend AA/NA meetings.

While plaintiff does not specifically state the basis of his claim against Groveland Superintendent Amoia, he attaches to the complaint a copy of Amoia's denial of the grievance that plaintiff filed concerning his AA/NA participation (Docket No. 1 at 10), and this denial is assumed to be the source of his claim against him.

It is axiomatic that before a plaintiff can seek to impose liability against a state government official or employee under 42 U.S.C. § 1983, he must establish that the official or employee was

3

personally involved in the alleged constitutional deprivation because the doctrine of *respondeat superior* does not apply to actions brought under § 1983. *See, e.g.*, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, a defendant cannot be liable for damages for a constitutional violation merely because he occupies a position of authority or is in the chain of command of the prison hierarchy. *See* Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[1]

Measured under this standard, plaintiff's conclusory assertion, unsupported by any factual allegations, that Commissioner Fischer failed to properly train and supervise his subordinates does not suffice to establish personal involvement in the alleged constitutional violations. *See, e.g.*, Barnes v. Prack, 2012 U.S. Dist. LEXIS 186979 at *14 (N.D.N.Y. Sept. 7, 2012) (Report-Recommendation, accepted and adopted by, Barnes v. Prack, 2013 U.S. Dist. LEXIS 37070 (N.D.N.Y, Mar. 15, 2013) (claim that Commissioner Fischer "created an environment of abuse and hostility, and failed to train and negligently managed his subordinates" was dismissed inasmuch as "conclusory allegations about negligent supervision and a failure to train are insufficient to establish personal involvement."); Scaccia v. Cnty. of Onondaga, 2009 U.S. Dist. LEXIS

---

[1] "Following the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), there is still disagreement among district courts in this Circuit as to whether all of the [five] '*Colon* factors' still apply. It is unclear whether Iqbal overrules or limits Colon, therefore, in the absence of contrary direction from the Second Circuit, the Court will continue to apply those factors." Jackson v. Goord, 2011 U.S. Dist. LEXIS 117539, at *31-32, n. 21 (W.D.N.Y., Oct. 12, 2011)(citations omitted)).

4

117080, at *34-35 (N.D.N.Y. Dec. 15, 2009) (dismissing claims against supervisory defendants where plaintiff's claims "hinge[d] entirely on their roles as supervisors of individuals who (allegedly) violated [his] constitutional rights" and there were "no facts plausibly suggesting how [the supervisory defendants] failed to train and/or supervise their subordinates."); Camacho v. Fairfield County, 2004 U.S. Dist. LEXIS 4296, at *19-20 (D. Conn. March 12, 2004) (claims against supervisory officials were "not cognizable in a section 1983 action on a theory of *respondeat superior*" and were accordingly dismissed where complaint "merely assume[d] that if the supervisors had trained their subordinates, none of the incidents described in the complaint would have occurred."). Accordingly, plaintiff's claim against Commissioner Fischer must be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff's claim against Superintendent Amoia must be denied for similar reasons. As noted, plaintiff's claim against Amoia stems from Amoia's denial of his grievance with respect to his alleged exclusion from AA/NA program meetings. The allegation that a superintendent or other supervisory official reviewed and denied of an inmate's grievance, without more, does not suffice to show personal involvement. *See, e.g.*, Perrilla v. Fischer, 2013 U.S. Dist. LEXIS 154449, at *21 (W.D.N.Y. Oct. 28, 2013) ("[I]t is well-established that the review, denial or affirmance of a denial

5

of a grievance is insufficient to establish personal involvement.) (Citations omitted); James v. Poole, 2013 U.S. Dist. LEXIS 3440, at *17(W.D.N.Y., January 09, 2013) ("Plaintiff attempts to establish personal involvement by Superintendent Poole and CORC Director Eagan by pointing to their roles in reviewing Plaintiffs grievances. Without more, this is insufficient to create personal involvement in Plaintiff's alleged constitutional violations."); Joyner v. Greiner, 195 F. Supp.2d 500, 506 (S.D.N.Y. 2002) ("The fact that Superintendent Greiner affirmed the denial of plaintiff's grievance-which is all that is alleged against him-is insufficient to establish personal involvement or to shed any light on the critical issue of supervisory liability, and more particularly, knowledge on the part of the defendant.") (internal quotation marks and citation omitted). Accordingly, plaintiff's claim against Commissioner Fischer must be denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2]

Claims under 18 U.S.C. § 241

Plaintiff alleges that the actions and inactions of the defendants constitute a conspiracy under 18 U.S.C.§ 241, and that

---

[2] To the extent that plaintiff's claim against defendant Deputy Superintendent Cronin rests upon Cronin's memorandum response (Docket No. 1, at 17) to plaintiff's letter of September 18, 2012 (Id., at 15), his allegations against Cronin would fail to state a claim. However, the Court finds that plaintiff's additional allegations that Cronin failed to properly supervise defendants Marra and Bertram in their administration of the ASAT's AA/NA program with respect to the constitutional rights of inmates, and failed to "give proper weight" to plaintiff's "choice of religious practices" (Docket No. 1, at 7) is sufficient, albeit barely, to allow plaintiff's claim against Cronin to proceed at this juncture.

this is "part of" the basis of his claim for damages. Section 241 is a criminal conspiracy statute, making it a crime for two or more persons to conspire to deprive another of constitutional rights. The statute does not authorize civil suits or create civil liability. *See* Ippolito v. Meisel, 958 F. Supp. 155, 161 (S.D.N.Y. 1997). Section 241 does not, therefore, provide a basis for plaintiff's claims against the defendants as to whom the complaint is going forward, and any claims based on that statute are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against D.O.C.C.S. Commissioner Brian Fischer and Superintendent Amoia, and his claims based upon 18 U.S.C. § 241 against all defendants, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The U.S. Marshal is directed to serve the summons and complaint on Shawn Cronin, Deputy Superintendent, Marra, ASAT Coordinator, ORC/PA Bertram and Sgt. Burns regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against Commissioner Brian Fischer and Superintendent Amoia are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Fischer and Amoia as parties to this action;

FURTHER, that plaintiff's claims base upon 18 U.S.C. § 241 are dismissed in their entirety with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Cronin, Marra, Bertram and Burns without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[3]

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

**SO ORDERED.**

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   February 26, 2014
         Rochester, New York

---

[3]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.LR. § 312-a.